Citation Nr: 1749172 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 10-49 237 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, with depression and anxiety disorder, to include as secondary to service connected bilateral hearing loss and tinnitus.

2. Entitlement to service connection for a sleep disability, to include as secondary to service connected bilateral hearing loss and tinnitus. 

3. Entitlement to a total disability rating for compensation based on individual unemployability (TDIU) due to service connected disabilities. 


REPRESENTATION

Appellant represented by: Lori Chism, Attorney




WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel


INTRODUCTION

The Veteran had active military service from September 1977 to September 1981.

This matter comes before the Board of Veterans' Appeals (Board) from the December 2009, October 2011, and July 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

The Veteran appeared at an April 2016 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record. This matter was previously before the Board in July 2016 and was remanded for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016). 

This matter was previously before the Board in July 2016 and was remanded for further development. This development included sending the Veteran updated VCAA notice regarding his claim for entitlement to a TDIU, obtaining outstanding VA treatment records, and scheduling VA examinations to determine the nature and etiology of any sleep and acquired psychiatric disabilities, to include as secondary to service connected disabilities. In December 2016, the Veteran was sent VCAA notice, to include information regarding his claim for service connection for a TDIU. To date, no response has been received by the Veteran regarding this notice.

However, the record does not reflect that the Veteran's outstanding VA treatment records have been obtained. Additionally, the record does not reflect that the Veteran was afforded a VA examination for either of his claims for entitlement to service connection for an acquired psychiatric disorder or sleep disability. As a matter of law, a remand by the Board confers upon the Veteran the right to compliance with the Board's remand order. Stegall v. West, 11 Vet. App. 268, 270-71 (1998). As such, in accordance with Stegall, remand for full compliance with the Board's prior remand is warranted. 

Thereby, on remand, the Veteran's outstanding VA treatment records must be obtained. Additionally, VA examinations must be scheduled to determine the nature and etiology of the Veteran's sleep disability and acquired psychiatric disorders.

As the resolutions of the above claims (as the Veteran does not currently meet the schedular criteria for a TDIU) are determinative of the TDIU claim, the issues are inextricably intertwined, and the TDIU issue must also be remanded. See Henderson v. West, 12 Vet. App. 11, 20 (1998); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Finally, the record contains recent, returned mail. Thereby, on remand, the RO must contact the Veteran to confirm that the RO has his most current mailing address.

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran to confirm his most current mailing address.

2. Obtain any outstanding VA treatment records and associate those documents with the Veteran's claims file. 

3. Once the above development has been completed, forward a copy of the Veteran's claims file, to include a copy of this Remand, to a qualified VA medical professional for a VA examination regarding the Veteran's claim for entitlement to service connection for an acquired psychiatric disorder. 

The examiner must first identify all diagnosed psychiatric disorders, as characterized by the DSM-IV, to include, but not limited to, depression and anxiety.

After reviewing the record, and with consideration of the Veteran's lay statements, the examiner is asked to address the following for each diagnosis:

a) Is it at least as likely as not (a 50 percent probability or greater), that any diagnosed psychiatric disorder began in service, was caused by service, or is otherwise related to the Veteran's military service?

b) Is it at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disorder was caused by his service connected hearing loss?

c) Is it at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disorder was permanently worsened (aggravated) by his service connected hearing loss?

d) Is it at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disorder was caused by his service connected tinnitus?

e) Is it at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disorder was permanently worsened (aggravated) by his service connected tinnitus?

The VA examiner should indicate that the claims file was reviewed. For purposes of these opinions, the examiner should assume the Veteran is a credible historian. In the opinion, the examiner must consider the Veteran's lay statements and testimony alleging onset during service and continuity of symptoms thereafter. All opinions provided must be thoroughly explained and an adequate rationale for any conclusions reached must be provided. If any requested opinion cannot be provided without resort to speculation, the medical professional should state and explain why an opinion cannot be provided without resort to speculation.

4. Next, forward a copy of the Veteran's claims file, to include a copy of this Remand, to a qualified VA medical professional for a VA examination regarding the Veteran's claim for entitlement to service connection for a sleep disability.

The examiner must first identify all diagnosed sleep disabilities, to include, but not limited to, insomnia and narcolepsy.

After reviewing the record, and with consideration of the Veteran's lay statements, the examiner is asked to address the following for each diagnosis:

a) Is it at least as likely as not (a 50 percent probability or greater), that any diagnosed sleep disability began in service, was caused by service, or is otherwise related to the Veteran's military service?

b) Is it at least as likely as not (50 percent or greater probability) that any diagnosed sleep disability was caused by his service connected hearing loss?

c) Is it at least as likely as not (50 percent or greater probability) that any diagnosed sleep disability was permanently worsened (aggravated) by his service connected hearing loss?

d) Is it at least as likely as not (50 percent or greater probability) that any diagnosed sleep disability was caused by his service connected tinnitus?

e) Is it at least as likely as not (50 percent or greater probability) that any diagnosed sleep disability was permanently worsened (aggravated) by his service connected tinnitus?

The VA examiner should indicate that the claims file was reviewed. For purposes of these opinions, the examiner should assume the Veteran is a credible historian. In the opinion, the examiner must consider the Veteran's lay statements and testimony alleging onset during service and continuity of symptoms thereafter. All opinions provided must be thoroughly explained and an adequate rationale for any conclusions reached must be provided. If any requested opinion cannot be provided without resort to speculation, the medical professional should state and explain why an opinion cannot be provided without resort to speculation.
 
5. The RO must notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claim and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for any scheduled examination, documentation showing that he was properly notified of the examination must be associated with the evidence of record.

6. Following completion of the above, and a review of any additional evidence received, the RO should also undertake any other development it deems to be necessary, to include, if warranted, an addendum medical opinion which considers any newly received evidence.

7. After completion of the above, readjudicate the issues remaining on appeal based on a review of the expanded record.

In so doing, consideration should be given to whether a TDIU may be granted, to include, if warranted, referral of the matter of whether a TDIU should be awarded on an extra-schedular basis, pursuant to 38 C.F.R. § 4.16(b), to the Director of the Compensation and Pension Service. 

8. If any benefit sought remains denied, furnish the Veteran and his representative with a supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board.

By this remand, the Board intimates no opinion as to any final outcome warranted. 
The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).